Filed 1/10/25  Marriage of Singh and Nibber CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re the Marriage of SARTAJ SINGH and KAMALJEET KAUR NIBBER. | |
| SARTAJ SINGH,<br><br>        Respondent,<br><br>v.<br><br>KAMALJEET KAUR NIBBER,<br><br>        Appellant. | A170519<br><br>(Alameda County<br>Super. Ct. No. HF23137159) |

**MEMORANDUM OPINION**

Kamaljeet Nibber (Nibber), who is self-represented, timely appeals a status-only marital dissolution judgment entered on May 6, 2024.[1]

The judgment dissolves her marriage with respondent Sartaj Singh (Singh) and reserves jurisdiction over all remaining issues other than child custody.  The month before Singh commenced this dissolution proceeding (on

---

[1]  We do not recite the factual and procedural background because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].)

1

February 1, 2023), Nibber had moved with their minor son to Canada and initiated a child custody proceeding in the Canadian courts, and so the trial court declined to exercise jurisdiction over child custody and visitation issues on the basis of inconvenient forum.

Nibber now appeals the status-only judgment, asserting a number of claims of error. Her brief here is full of hyperbole and does not appear to provide a fair and balanced statement of the factual record, in violation of the Rules of Court. (See Cal. Rules of Court, rule 8.204(a)(2)(C); *Perry v. Kia Motors America, Inc.* (2023) 91 Cal.App.5th 1088, 1096.) She has not filed a reply brief. We affirm the judgment.

Singh commenced this dissolution action on February 1, 2023. Eight months later, on October 31, 2023, he filed a request asking the trial court to bifurcate the issue of marital status and enter a status-only judgment of dissolution. Nibber who, as noted, was by then living in Canada, opposed the bifurcation motion in written declarations and orally, principally on the grounds that the Canadian court should address custody issues and that granting a divorce would harm their son because it would further diminish Singh's willingness to visit him.[2] The trial court granted the motion over her objection, entered the status-only judgment and this appeal followed. We perceive no error in the judgment.

Several of Nibber's arguments for reversal concern issues the trial court did not rule upon, but that are embraced within the scope of the

---

[2] The parties and their son are Canadian citizens. Singh had travelled back to Canada while these proceedings were underway to renew his American immigration visa, with the intent of returning to the United States and resuming his life in California. By the time of the bifurcation hearing, he had been in Canada awaiting his visa for three months, and during that time had not visited his son at all.

2

jurisdiction it retained over remaining matters: specifically, her contention that Singh misrepresented the date of their separation, which is a factual issue that may affect the future division of their assets, and arguments that he breached his fiduciary duty by failing to provide complete and accurate financial disclosures and making false assertions that he had no income. Although we do not reach any of these issues, nothing precludes Nibber from asking the trial court to address them later, pursuant to its reserved jurisdiction.

Nibber also challenges the trial court's exercise of jurisdiction on various grounds, but we will not (and cannot) address those arguments either. Specifically, she asserts that: Singh has "manipulat[ed]" California jurisdiction by deceit, has done so for the ulterior purpose of obtaining immigration benefits, filed perjurious declarations that are "riddled with falsehoods," including a false claim of ignorance about her place of residence, and engaged in a "deliberate effort to control jurisdiction by concealing [their son's] passport," which prevented her from moving to Canada sooner. All of these arguments overlook the fact that the trial court ruled that Nibber *waived* all objections to the exercise of jurisdiction. Specifically, it ruled that her failure to file a motion to quash the dissolution petition resulted in a waiver of all objections to the exercise of jurisdiction under California's residency requirements (see Fam. Code, § 2320, subd. (a); Cal. Rules of Court, rule 5.63(e)), and her general appearance in the case waived all objections to the exercise of personal jurisdiction. On appeal we are required to presume that the court's orders and judgment are correct and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Nibber has not challenged the court's ruling that her actions constituted a waiver, and thus fails to demonstrate a basis to overturn the court's exercise

3

of jurisdiction. (See *Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 653 ["An appellant abandons an issue by failing to raise it in the opening brief"].)

Nor did the court "fail[] to recognize the prior pending [Canadian] action," which Nibber asserts "should have taken precedence over the California action." The court *declined* to exercise jurisdiction over custody in deference to the Canadian proceeding, and indeed that was an outcome fully supported by Singh as well, whose counsel said he wanted to avoid conflicting custody orders.

Citing only unpublished authority, which is not permitted (see Cal. Rules of Court, rule 8.1115 ), Nibber also asserts that Singh engaged in an abuse of the judicial process by exploiting the legal system to bolster his case for immigration benefits in the United States. The argument is supported by no legal authority or analysis and is insufficient to demonstrate error. (See *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078 ["Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review"].)

Finally, Nibber argues the court abused its discretion in bifurcating the issue of marital status because it failed to consider the impact of dissolving the parties' marriage on their autistic son, and she contends that his welfare should remain paramount in these proceedings. The argument is insufficient to demonstrate an abuse of discretion. We are not insensitive to the fraught family dynamics of this case and Nibber's obvious love of her son and concern for his welfare. And we agree, as the trial court said, that "in general it's in the child's best interest to have good relationships with both parents." But Nibber could not explain any logical reason that the judgment dissolving the parties' marriage would affect the child adversely. She speculated Singh

4

would visit the child more if they were not divorced but provided no evidence that was the case. Nor did she cite any authority suggesting a court can deny a divorce because divorce can be difficult and harmful for the couple's child or children. The trial court conscientiously and thoroughly considered all of Nibber's arguments, and it appropriately declined to assert jurisdiction over the couple's child in deference to both the fact that the child now resides in Canada and the custody proceeding Nibber has initiated there. That is the forum, not this appellate court, where the child's best interests can and will be adjudicated. Indeed, by deferring to the Canadian court's exercise of jurisdiction over the couple's minor child the trial court *did* take the child's welfare into consideration.

Finally, Nibber asserts that Singh's actions have caused her "significant financial hardship" and asks for an award of costs on appeal. Because Nibber did not prevail on appeal we decline to order Singh to pay her appellate costs. However, in our discretion we will not require her to pay Singh his appellate costs, to which he otherwise would be entitled as the prevailing party.[3] (See Cal. Rules of Court, rule 8.278(a)(5); *Stuckey v. Stuckey* (1964) 231 Cal.App.2d 382, 387 [shifting appellate costs where "[i]t

_____

[3] Below, she asserted in a sworn declaration that she is financially unable to hire an attorney even though Singh has retained counsel both here and in Canada. She also claimed Singh had withdrawn $47,500 from a joint bank account without her knowledge in November 2022. Singh's counsel argued that the only marital assets were a savings account the parties had already split and a car. He argued that Singh had begun a new business post-separation that was his separate property, funded by money in a separate property savings account. We express no opinion on these contested issues, which the trial court will decide pursuant to its reserved jurisdiction but note them only because they suggest the possible existence of a disparity in access to funds to pay for costs as well as legal representation.

would be inequitable to require that the wife's meager estate be depleted further"].)  We also note that nothing we say here precludes Nibber from seeking an order in the trial court requiring Singh to pay her whatever amount is reasonably necessary for her to retain an attorney to represent her in connection with further proceedings.  (See Fam. Code, §§ 2030, 2031, 2032; Cal. Rules of Court, rule 5.427.)  The trial court has the power to do so on an appropriate showing to "ensure that each party has access to legal representation."  (Fam. Code, § 2030, subd. (a).)

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.

_____
STEWART, P.J.

We concur.

_____
MILLER, J.

_____
DESAUTELS, J.

*In re Marriage of Singh and Nibber* (A170519)